**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| FELICITA ADORNO | : | |
| | : | |
| Appellant | : | No. 1751 EDA 2018 |

Appeal from the Order Entered May 9, 2018
In the Court of Common Pleas of Lehigh County Criminal Division at
No(s):  CP-39-CR-0003613-2014

BEFORE:   OTT, J., DUBOW, J., and STRASSBURGER, J.*

MEMORANDUM BY DUBOW, J.:               **FILED FEBRUARY 26, 2019**

Appellant, Felicita Adorno, appeals from the May 9, 2018 Order entered in the Lehigh County Court of Common Pleas ("CCP") denying her "Motion for Restoration of Appellate Rights *Nunc Pro Tunc*," which the court treated as her second Petition pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.  After careful review, we affirm the PCRA court's Order.[1]

---

[1] The PCRA court appointed Matthew Rapa, Esq., to represent Appellant in proceedings for her first PCRA Petition, but not in connection with this second PCRA proceeding.  **See** Pa.R.Crim.P. 904(C).  Attorney Rapa has filed a Motion to Withdraw and a letter pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988 (*en banc*), in conjunction with the instant appeal.  For the reasons explained **infra**, we strike counsel's Motion to Withdraw and the **Turner**/**Finley** no-merit letter.

---

\*   Retired Senior Judge assigned to the Superior Court.

The facts and procedural history are, briefly, as follows. On January 26, 2015, Appellant entered negotiated guilty pleas to charges of Criminal Use of a Communication Facility and Delivery of a Controlled Substance and a *nolo contendere* plea to Conspiracy to Deliver a Controlled Substance.[2] On November 15, 2016, the court sentenced Appellant to an aggregate term of 20 to 60 months' incarceration.

On November 22, 2016, Appellant filed a Motion to Withdraw Plea of Guilty alleging that her plea counsel had been ineffective and that her plea was involuntary.

On February 7, 2017, the trial court held a hearing on Appellant's Motion to Withdraw Plea of Guilty, after which it denied the Motion. Appellant did not file a direct appeal from her Judgment of Sentence following the disposition of her Motion to Withdraw Plea of Guilty. Appellant's Judgment of Sentence, thus, became final on March 9, 2017.[3]

On July 18, 2017, Appellant filed a timely *pro se* first PCRA Petition challenging, *inter alia*, the effectiveness of her plea counsel and seeking the reinstatement of her direct appeal rights. On July 20, 2017, the PCRA court appointed Matthew Rapa, Esq., to represent her.

After speaking with counsel, Appellant realized that her issue challenging plea counsel's stewardship had no merit and she had no issues to

---

[2] 18 Pa.C.S. § 7512(a); 35 P.S. § 780-113(a)(30); and 18 Pa.C.S. § 903, respectively.

[3] **See** 42 Pa.C.S. § 9545(b)(3); Pa.R.A.P. 903.

raise in a direct appeal. ***See Turner/Finley*** Letter, dated 8/20/18, at 3 (unpaginated). Consequently, on October 9, 2017, Appellant filed a Motion to Withdraw her PCRA Petition, which the PCRA court granted the next day and dismissed Appellant's PCRA Petition. Appellant did not file an appeal from that dismissal Order.

On February 20, 2018, Appellant filed a *pro se* Motion for Restoration of Appellate Rights *Nunc Pro Tunc*. The PCRA court properly treated this Motion as a timely-filed, second PCRA Petition.[4] The court did not appoint counsel.[5]

On March 27, 2018, the PCRA court advised Appellant of its intent to dismiss her Petition without a hearing pursuant to Pa.R.Crim.P. 907 as meritless. Appellant did not file a Response to the court's Rule 907 Notice.

On May 9, 2018, the PCRA court dismissed Appellant's Petition.

_____

[4] In her *pro se* Petition, Appellant sought reinstatement of her direct appeal rights based on the following allegations: (1) ineffective assistance of counsel; (2) improper pressure on her to plead guilty; (3) her lack of competency and inability to understand the proceedings; (4) "evidence to be tested and failure to protect [Appellant] or to investigate;" (5) "arguable merit and conflict of interest;" (6) "rushing into plea without investigation;" and (7) "[s]uppression of evidence and total due process of law." Petition, 2/20/18, at 1 (unpaginated).

[5] As noted, ***supra***, the court appointed Attorney Rapa to represent Appellant "on [her] first petition for post-conviction collateral relief." Pa.R.Crim.P. 904(C). Appellant did not request the appointment of counsel for the instant PCRA Petition—her second—and there is nothing on the record that demonstrates that she satisfied the judge that the interests of justice required the appointment of counsel on the instant PCRA Petition. ***See id.*** at (D-E).

On June 5, 2018, Appellant filed the instant *pro se* appeal. On June 6, 2018, the PCRA court ordered Appellant to file a Pa.R.A.P. 1925(b) Statement within 21 days, *i.e.*, by June 27, 2018. The Order informed Appellant that "any issue not properly included in the Statement timely filed and served pursuant to Pa.R.A.P. 1925(b) shall be deemed waived." Order, 6/6/18. Appellant did not comply with the court's Order by filing a Rule 1925(b) Statement.[6]

Before we address the merits of this appeal, we must first consider whether Appellant has preserved her issues for review.

It is well-settled that "in order to preserve their claims for appellate review, appellants must comply whenever the trial court orders them to file a Statement of Matters Complained of on Appeal pursuant to Pa.R.A.P. 1925. Any issues not raised in a Pa.R.A.P. 1925(b) statement will be deemed waived." **Commonwealth v. Castillo**, 888 A.2d 775, 780 (Pa. 2005). The Supreme Court has instructed that compliance with Rule 1925(b) is mandatory and we do not have discretion to permit departures from the rule's requirements. **See Commonwealth v. Hill**, 16 A.3d 484, 494 (Pa. 2011)

---

[6] The PCRA court docket reflects that the Lehigh County CCP court clerk inexplicably served Attorney Rapa with a copy of the PCRA court's Order dismissing Appellant's PCRA Petition and its Rule 1925 Order. In addition to serving Attorney Rapa with the PCRA court's Orders, the court clerk also served Appellant with the Orders and was, thus, on notice that she was required to file a Rule 1925(b) Statement. Notwithstanding the lack of his appointment in this second PCRA proceeding, on July 10, 2018, Attorney Rapa filed a Motion for Extension of Time to file a Pa.R.A.P. 1925(b) Statement. However, the lower court docket does not reflect that the court disposed of this Motion or that Attorney Rapa ever filed a Rule 1925(b) Statement.

("Our jurisprudence is clear and well-settled, and firmly establishes that: Rule 1925(b) sets out a simple bright-line rule, which obligates an appellant to file and serve a Rule 1925(b) statement, when so ordered; any issues not raised in a Rule 1925(b) statement will be deemed waived; the courts lack the authority to countenance deviations from the Rule's terms; the Rule's provisions are not subject to *ad hoc* exceptions or selective enforcement[.]").

As explained, **supra**, the PCRA court ordered Appellant to file a Rule 1925(b) Statement within 21 days of June 6, 2018. To date, Appellant has not complied with this Order. Accordingly, we are constrained to find Appellant's issues waived. Further, because the court did not appoint counsel, and Appellant was not entitled to counsel, in this second PCRA Petition, we strike counsel's Motion to Withdraw.

Motion to Withdraw stricken. Order affirmed.
Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/26/19